## Minor v. Gayle, et al.

(Decided June 5, 1923.)

### Appeal from Owen Circuit Court.

1. Action—Order for Settlement or Arbitration of Claim Held Equivalent to Dismissal.—Where a compromise judgment was entered in a suit to settle an estate, settling all the many controversies except one, an order providing that, if one party to that controversy could not convince the other he had paid, or ought not to pay, the amount involved, the matter should be submitted to arbitration, deprived the court of jurisdiction of that controversy as completely as if it had dismissed the case, or rendered any other final judgment.

2. Trial—Rendition of Judgment After Failure to Arbitrate Without Notice to Adverse Party Held Erroneous.—Where the court had entered an order requiring the parties to arbitrate a controversy if they could not agree upon a settlement, it was without jurisdiction thereafter upon motion of one of the parties without notice to the adverse party to set the controversy for hearing and to render judgment in favor of the moving party because of the failure to arbitrate, though the controversy could have been brought before the court for trial and final adjudication if process had issued against, and been duly served upon, the adverse party.

LESLIE W. MORRIS and J. G. VALLANDINGHAM for appellant.

W. A. LEE for appellees.

Opinion of the Court by Chief Justice Sampson—
Reversing.

In a suit to settle the estate of G. C. Minor, pending
in the Owen circuit court, many items being involved, a
compromise judgment was entered settling all contro-
versies except one between appellee, J. W. Gayle, and
appellant, P. O. Minor, arising out of a draft for $1,113.15
and interest which passed in the business of the Owenton
Warehouse and Realty Company, incorporated, and of
which draft appellee, Gayle, claimed one-half, but which
claim appellant, Minor denied. The judgment of the
court entered on December 10, 1915, among other things
contained the following:

"Claim of the Owenton Warehouse & Realty Co., on
draft the one-half of $1,113.15 and interest. If the party
of the second part cannot convince the party of the first
part that he has paid or for any reason ought not to pay
same and upon failure to do so the matter to be submitted
to arbitration."

The entire proceeding appears to have passed off the
docket with the foregoing order. At any rate Gayle and
Minor were to agree upon a settlement of their contro-
versy if they could; if not, it was to be submitted to arbi-
tration. When this order was entered the court lost
jurisdiction of this branch of the cause as completely as
if it had dismissed the case or rendered any other final
judgment.

On November 19, 1917, appellee, Gayle, without ad-
ditional pleadings or notice to Minor caused an order
to be entered in the said settlement cause in the Owen
circuit court, reading as follows:

"It appearing to the satisfaction of the court, that
in an agreement entered in this action on the 10th of De-
cember, 1915, and entered in order book No. 50, page 368,
there is a claim of the Owenton Warehouse and Realty
Co., on a draft of one thousand and one hundred and
thirteen and 15/100 ($1,113.15 dollars), which was to have
been settled or submitted to arbitration, neither of which
has been done. On motion of the Owenton Warehouse
Company, the parties in interest in that claim are given
until the first of February, 1918, to settle same or have
tried by arbitration, and if not settled by the parties or
by arbitration on or before February 1, 1918, the parties
may take proof after that date and prepare the case for
trial at the February term, 1918, of this court."

This order appears not to have come to the attention of appellant, Minor, although he lived in Owenton near appellee, Gayle, and his counsel, until long after the judgment was entered against appellant on March 7, 1918, when the sheriff presented appellant with an execution for the $794.90 and cost. The judgment reads:

"In the claim of the Owenton Warehouse & Realty Co., in this action against the estate of G. C. Minor, deceased, and P. O. Minor, it is agreed that said estate and P. O. Minor are indebted to the said warehouse and realty company in the sum of $1,113.41 with interest thereon from Jan. 19, 1911, which amounts to the sum of $1,589.80 at this date, and that one-half of said sum is due to said P. O. Minor and the other one-half is due to J. W. Gayle (said Gayle and Minor being the owners of the capital stock in said warehouse company). It is therefore adjudged, by agreement of the parties that said Owenton Warehouse & Realty Co., for the use and benefit of J. W. Gayle, to recover of said P. O. Minor the sum of seven hundred and ninety-four dollars and ninety cents ($794.90) with interest thereon at the rate of six per cent per annum from the 6th day of March, 1918, until paid, and his costs herein expended, and for all of which execution may issue when called for by said Gayle or his attorney, which is not to be called for until the first day of the February term, 1919, of this court."

As it is admitted that no arbitration was had of the controversy by the parties, we think upon proper showing made by amended pleading in the same case if upon docket, or by original action if the old action has been stricken, appellee Gayle could have brought the cause before the court for trial and final determination, despite the order of arbitration, but to have put himself in position to insist upon a judgment against appellant process necessarily had to issue against and be duly served upon appellant. The machinery of the law for the determination of the controversy between appellee, Gayle, and appellant, Minor, could thus have been set in motion and the judgment entered pursuant thereto if properly and regularly found would have concluded the parties. But as no amended pleading stating a cause of action against appellant, Minor, was filed and no process was issued against appellant, the judgment was without virtue. The parties are entitled to prepare and try this cause, and upon a return of the case to the lower

court an injunction will be awarded appellant, Minor, staying the collection of the execution until further order of the court, and granting to each party reasonable time to plead to an issue and otherwise prepare their case.

For the reasons indicated the judgment is reversed for proceedings consistent herewith.

Judgment reversed.