## Owenton Warehouse & Realty Company, et al. v. Miner's Executor.

(Decided February 9, 1926.)

## Appeal from Owen Circuit Court.

1. Appeal and Error—Pleading—Allowing Time to File Pleadings Discretionary, and Not Disturbed Unless Discretion Abused.—Trial court has a broad discretion in allowing time to parties in which to file pleadings, and, unless there is a clear abuse of that discretion, its ruling will not be disturbed.

2. Money Received—Verdict for Defendant, in Suit to Recover Amount of Draft, Held Not Against Weight of Evidence.—In suit to recover amount of draft, alleged to have been received by defendant's decedent and charged to plaintiff, verdict for defendant held not against weight of evidence.

3. Appeal and Error—Reviewing Tribunal Not Warranted in Disturbing Verdict, Where Not Against Weight of Evidence.—Where it cannot be said that verdict is against weight of evidence, reviewing tribunal is not warranted in disturbing it.

W. A. LEE for appellants.

H. K. BOURNE and J. G. VALLANDINGHAM for appellee.

OPINION OF THE COURT BY JUDGE SAMPSON—Affirming.

This is the second appeal of this case. See 199 Ky. 628. A statement of the facts may be found in that opinion. After reversal of the judgment and on return of the case the lower court allowed the parties to further plead, and it is now complained by appellant, Gayle, that the court erred in allowing appellee to file an answer seventy (70) days after the time fixed by the court for the filing of that pleading. A trial court has a broad discretion in the matter of allowing time to parties in which to file pleadings, and unless there is a clear abuse of that discretion the ruling will not be disturbed. The facts of this case do not warrant the conclusion that the trial court abused a sound discretion in allowing the filing of the answer.

Appellant next complains that the court sustained the motion of appellee to strike certain parts of the petition and also certain parts of the reply. We have examined the record and find therein motions to strike from the petition and to strike from the reply, but we find no

order sustaining either of the motions or striking any part of either of these pleadings. This complaint, therefore, is without foundation.

Appellant next insists that the proof shows that G. C. and P. O. Miner received $1,113.41 on a named draft charged to appellant warehouse company and has never repaid the same or any part thereof. This question of fact is shrouded in doubt. We think it may be conceded that a draft for $1,113.41 chargeable to the account of G. C. and P. O. Miner was actually charged to the account of appellant warehouse company, but how this came about or why it was done is not explained by the evidence. Appellant, Gayle, president of appellant warehouse company and its principal officer and director, admits he does not know anything about the transaction unless it came about through a loan obtained by Miner and his father for the warehouse company of which the evidence shows there were many. Miner, however, expressly denies that either he or his father, G. C. Miner, received the benefit of the draft. The clause of the written contract upon which appellants rely for recovery in this case reads:

"Claim of the Owenton Warehouse & Realty Co., on draft the one-half of $1,113.15, and interest. If the party of the second part can not convince the party of the first part that he has paid or for any reason ought not to pay same and upon failure to do so the matter to be submitted to arbitration."

From this clause appellants insist that they were entitled to one-half of the $1,113.15, unless appellee, Miner, could convince them that he had paid the amount or for some reason ought not to be required to pay it, and in case of doubt the matter was to be submitted to arbitration. The contract from which this clause is taken is rather long and is as involved as a writing could well be. It seems utterly impossible to understand just what the parties meant by the writing taken as a whole, except it does indicate that they were attempting to settle all of their disputes, claims and counterclaims. This transaction was one of many which arose out of dealings between G. C. Miner, now deceased, and appellant, Gayle. They were partners in a number of different businesses, running through several years and their accounts were rather complicated, many of the items being wholly unexplained

by the evidence. They owned an equal number of shares of the capital stock of the warehouse company. Each had paid the full purchase price therefor. Miner conveyed certain real estate to the warehouse company. The evidence shows that the warehouse company carried on business for some time and that it realized profits of $25,000.00 to $30,000.00 during the time it operated. The evidence also tends to show that the Miners received little or none of the profits from the business; that appellant, Gayle, had full charge of the warehouse company, received and deposited the money, checked it out and kept the books. It is also shown by the evidence that the warehouse company, acting through its president, Gayle, conveyed its real property to appellant, Gayle, but there is nothing to show what property or money, if any, of the warehouse company was paid to or received by the Miners except that the son, P. O. Miner, testified that no part of the money or property was received by his father or himself. It is quite easy to believe from the evidence as a whole that the warehouse company and appellant, Gayle, lost nothing through the draft for $1,113.41, which is the subject of this litigation, or to believe that any such money, if any received by Miner through the draft in question, was repaid in the settlement of the accounts of the warehouse company of which he was half owner. Indeed, it very much looks like appellant Gayle received most of the property and effects of the warehouse company and that Miner received little or no part of it. There is no record evidence to contradict this. The deeds show that Gayle received the real property of the warehouse company.

At the conclusion of the evidence the court very succinctly and properly submitted to the jury the question of whether the warehouse company had paid a draft of $1,113.41 for the Miners, or either of them, and directed the jury, in case it found from the evidence that the draft had been paid by the warehouse company for the Miners, or either of them, to find for appellant, Gayle, and the warehouse company, unless the jury should further believe from the evidence that the Miners, or either of them, had repaid that sum to Gayle or the warehouse company, in which event the jury was directed to find for the Miners. With all the evidence before it, following the instructions of the court, the jury found and returned a verdict for the administrator of Miner. Just whether this finding of the jury is just and fair is hard, indeed,

to determine from the evidence in its confused state. It certainly cannot be said that the verdict is against the weight of the evidence, and this being so, we are not warranted in disturbing it. No complaint is made of the instructions of the court, and no substantial fault can be found therewith. The judgment must, therefore, be affirmed.